DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1917.

---

Patrick McCormick, Appellee, v. Chicago City Railway
Company, Appellant.

Gen. No. 22,821.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN
COURTNEY, Judge, presiding. Heard in this court at the October
term, 1916. Reversed with finding of fact. Opinion filed June 11,
1917.

### Statement of the Case.

Action by Patrick McCormick, plaintiff, against the
Chicago City Railway Company, defendant, to recover
for personal injuries sustained by plaintiff as the re-
sult of the horse on which he was riding being struck
by one of defendant's street cars and throwing plain-
tiff off, while he was riding between the tracks and a
standing automobile in the same direction as the car.
From a judgment for plaintiff for $150, defendant ap-
peals.

WILLIAM H. SYMMES and FRANK L. KRIETE, for ap-
pellant; J. R. GUILLIAMS and C. C. CUNNINGHAM of
counsel.

BURKHALTER, GROSSBERG & NEWFIELD, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opin-
ion of the court.

(621)

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence insufficient to show negligence in running into horse being ridden near track.* In an action by a laborer who was riding on his horse on a street on his way home from work, where the horse either shied towards a street car track when passing between it and a standing automobile upon the approach of a street car from the rear, or the car struck the horse as it was walking normally alongside the track, evidence *held* insufficient to show negligence of the motorman in running into plaintiff's horse and injuring plaintiff, where there was no evidence that there was not plenty of room for safe passage between the track and automobile.

2. STREET RAILROADS, § 131*—*when evidence sufficient to show that contributory negligence of person riding horse was proximate cause of accident.* In an action by a laborer for personal injuries sustained as the result of his horse being struck by one of defendant's street cars and throwing plaintiff off, while he was riding between the tracks and a standing automobile in the same direction as the car, evidence *held* sufficient to show that the accident was due to plaintiff permitting his horse to move in the way of the approaching car at a time when it was impossible for the motorman to avoid striking it, and that plaintiff was guilty of negligence which was the proximate cause of the accident.

3. STREET RAILROADS, § 63*—*what care required of motorman in operation of car.* A street car motorman is not required to anticipate or to guard against anything not reasonably to be expected, in the operation of his car, nor to guard constantly against unusual or extraordinary occurrences or conduct on the part of others, but is required to exercise only ordinary care, measured by the apparent situation and the dangers naturally incident to the business.

4. STREET RAILROADS, § 111*—*when burden of proof is on plaintiff.* Where the alleged negligence of a street railroad company consists of an omission of duty suddenly and unexpectedly arising, it is incumbent upon plaintiff to show that the circumstances were such that the servants of defendant had an opportunity to become conscious of the facts giving rise to the duty, and a reasonable opportunity to perform it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.